6814

STATE v. BROWN.

1. HOMICIDE.—If a defendant admit voluntary homicide, he is guilty of unlawful homicide unless he show lawful excuse or justification, the degree of guilt being for jury.

2. BURDEN OF PROOF.—Portion of charge here complained of does not shift burden of proof from State.

3. HOMICIDE.—In cases of voluntary homicide upon proof of provocation it is proper to give jury the common law definition of voluntary manslaughter as an unlawful killing in sudden heat and passion upon sufficient legal provocation.

Before GAGE, J., Greenville, May Term, 1907. Affirmed.

Indictment against Eulus Brown for murder of Garvin Black. From sentence on verdict of guilty, with recommendation to mercy, defendant appeals.

*Mr. B. M. Shuman,* for appellant, cites: *Manslaughter:* Crim. Code, 120; 55 S. C., 32. *Murder:* Crim. Code, 109; 34 S. C., 120; 2 Strob., 77; 2 Bish. Cr. L., sec. 672. *Malice:* 2 Bish. Cr. L., sec. 675; 2 Strob., 77; 34 S. C., 120. *Reducing killing from murder to manslaughter:* 1 Bish. Cr. L., Sec. 321; 21 Ency., 173; 21 Am. St. R., 179; 8 Am. St. R., 477. *Proof of self-defense:* 29 S. C., 4; 40 S. C., 349.

*Solicitor J. E. Boggs,* contra.

March 20, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant, Eulus Brown, indicted for the murder of Carvin Black in Greenville County on March 27, 1907, was found guilty, with recommendation to mercy, and received sentence of life imprisonment.

Appellant's three exceptions relate to portions of the charge given by the presiding judge. We quote the relevant charge and place within brackets the portions to which exception has been taken.

"Where a man kills another to save his life, or his body from serious harm, he is excusable. Did Brown kill Black to save his life, or his body from serious harm? If he did the law excuses him. The language of the law is, the peril of his life must be imminent, hanging over him, and he strikes and strikes to save himself because there is nothing else to do, the law excuses him. And he must not strike too quick. We do not make laws for over-nervous men, and they must not get scared and strike quicker than a reasonable man would. [You must hold him to the conduct of the average man, of average courage and prudence, and if he falls below that, he is guilty, no matter whether he thought he was going to be killed or not.] Now, would the average man, of average courage and prudence, placed in the same situation, and under the circumstances that Brown was, come to the same conclusion, that he was going to be killed, or that serious harm was about to be done to his body, and did Brown think that? The question is, Why did Brown kill Black, in all honesty and common sense. If he did it to save himself he ought to be acquitted. If he didn't do it to save himself, in all justice he ought to be convicted.

"It is his duty to prove by the preponderance of the testimony, that he did it in self-defense, yet if it leaves you in doubt as to his guilt, you should write a verdict of not guilty. [If you are not satisfied that he is not guilty by the predonderance of the evidence, then you go on and inquire whether or not it is murder or manslaughter.]

"Murder is the killing of a human being with malice aforethought, either expressed or implied—a heart where the devil rules a man; and if the killing was not out of that sort of heart, it is not murder. [Manslaughter is the unlawful killing of a human being without malice aforethought, either expressed or implied, and in sudden heat and passion; where

a man strikes at one and dethrones his reason, and he strikes and kills under that provocation, that is manslaughter. Did he do that? If so, it is manslaughter.]"

The contention as to the first indicated portion of the charge is that it is erroneous because, if the defendant thought he was going to be killed by the deceased and shot deceased to save his own life, he would not be guilty of murder, even though the circumstances were such that a man of average courage and prudence, placed in the situation in which defendant was, would not have come to such conclusion, since if defendant thus believed, the element of malice would be wanting and the offense of the defendant would be only manslaughter.

There would be force in this contention if the Court had really charged that defendant would be guilty of murder in the circumstances named, but he did not so charge, as the context very clearly shows. Judge Gage was discussing the effect of a failure to establish the plea of self-defense. Since a voluntary homicide had been admittedly committed by defendant, it would necessarily follow that he would be guilty of an unlawful homicide upon his failure to show lawful excuse or justification; the degree of his guilt, whether murder or manslaughter, to be determined by the jury under other instructions.

It is excepted that the portion of the charge within the second brackets deprived defendant of his right to a verdict of acquittal, if there was a reasonable doubt of his guilt as to murder and manslaughter and threw the burden on defendant to show that he was not guilty.

This exception is also untenable. The Court, as shown by the context, was instructing the jury as to their duty to consider whether defendant was guilty of either murder or manslaughter, in the event they should conclude he had failed to make out his plea of self-defense by the preponderance of the evidence, which direction was quite proper. The burden of proof upon the whole case was not shifted from the State, for the jury were expressly instructed to

acquit defendant if there was a reasonable doubt of his guilt.

It is further contended that the instruction as to manslaughter within the last brackets above was incorrect in restricting manslaughter to cases where the killing was done in sudden heat and passion, whereas, an unlawful killing without malice is manslaughter; and further, that the jury should have been instructed that if defendant believed he was in danger of losing his life or sustaining serious bodily injury at the hands of deceased when he shot deceased, his offense would be only manslaughter, although the circumstances would not have caused a man of ordinary prudence and courage to so believe, and even though he was not in such peril.

The cases of *State* v. *Foster,* 66 S. C., 474, 45 S. E., 1, and *State* v. *Hampton, ante,* 179, show that this exception can not be sustained. The Court not only gave the statutory definition of manslaughter, but also substantially gave the common law definition. This being a case of voluntary homicide and there being evidence in behalf of defendant tending to show provocation, it was proper to give the common law definition of voluntary manslaughter, as an unlawful killing in sudden heat and passion upon sufficient legal provocation. The defendant testified that the deceased had been threatening and pursuing him, had thrown rocks at him and struck him and was reaching for another rock when defendant fired the fatal shot. The evidence for the State tended to show that deceased did not attack defendant at the time of the difficulty, and that defendant shot the deceased from the rear while deceased was fleeing from him. The case was fairly submitted to the jury under proper instructions.

The judgment of the Circuit Court is affirmed.